UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MICAL L. RAMOS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COMPASS GROUP USA dba Eurest Corporation; and DELTA SKY CLUB dba Delta Airlines,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY LAWSUIT (DOC. NO. 4)**<br><br>Case No. 2:24-cv-00511<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Plaintiff Mical L. Ramos, proceeding without an attorney, filed this action against "Compass Group USA dba Eurest Corporation" (his former employer) and "Delta Sky Club dba Delta Airlines,"[1] asserting claims against under Title VII of the Civil Rights Act of 1964[2] for discrimination and retaliation.[3] Mr. Ramos was employed by Compass Group to work as a supervisor at a Delta Sky Club.[4] Mr. Ramos alleges he was discriminated against and harassed due to his race, sex, and sexual orientation, and was constructively discharged.[5]

---

[1] Defendants indicate they are incorrectly named in the complaint and are properly identified as Compass Group USA, Inc. d/b/a Eurest Dining Services and Delta Airline d/b/a Delta Sky Club. (*See* Mot. to Compel Arb. and Stay Lawsuit 1 & n.1, Doc. No. 4.)

[2] 42 U.S.C. 2000 *et seq*.

[3] (*See* Compl., filed as Ex. A to Notice of Removal, Doc. No. 1-1 at 6–34.)

[4] (*See id.* at 7.)

[5] (*See id.* at 7–10.)

1

On July 26, 2024, Compass Group filed a motion to compel arbitration and to stay this case pending arbitration, asserting Mr. Ramos entered into a binding arbitration agreement with Compass Group which applies to Mr. Ramos' claims.[6] Mr. Ramos did not respond to the motion. Because the arbitration agreement is unambiguous and this dispute falls within the scope of the agreement, Compass Group's motion is granted.

## LEGAL STANDARDS

"Federal courts have a liberal federal policy favoring arbitration agreements."[7] But "[d]etermining whether to compel claims to arbitration is a two-step inquiry. First, the court must determine whether a valid agreement to arbitrate exists."[8] Second, the court must determine "whether the dispute in question falls within the scope of that agreement."[9] "If the arbitration clause is clear, [the] inquiry is over, but if the arbitration clause is ambiguous about whether it covers the dispute, [courts] apply a rebuttable presumption of arbitrability."[10] Finally, when a court enforces an arbitration clause, it must stay the case pending the arbitration, upon request.[11]

---

[6] (*See* Mot. To Compel Arb. and Stay Lawsuit ("Mot."), Doc. No. 4.)

[7] *Reeves v. Enter. Prods. Partners, LP*, 17 F.4th 1008, 1011 (10th Cir. 2021) (internal quotation marks omitted).

[8] *Carter v. C.R. Eng., Inc.*, No. 2:21-cv-00102, 2021 U.S. Dist. LEXIS 87454, at *4 (D. Utah May 5, 2021) (unpublished) (citing *Soc'y of Prof'l Eng'g Emps. in Aerospace, Local 2001 v. Spirit Aerosystems, Inc.*, 681 F. App'x 717, 721 (10th Cir. 2017) (unpublished)).

[9] *Id.* (citing *Spirit Aerosystems, Inc.*, 681 F. App'x at 721).

[10] *Spirit Aerosystems, Inc.*, 681 F. App'x at 721.

[11] 9 U.S.C. § 3.

Because Mr. Ramos proceeds pro se, his filings are liberally construed and "held to a less stringent standard than formal pleadings drafted by lawyers."[12] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[13] For instance, the court will not "construct a legal theory on a plaintiff's behalf."[14]

## ANALYSIS

Compass Group moves to compel arbitration pursuant to a binding arbitration agreement in Compass Group's employment contract, and to stay this case pending the outcome of that arbitration. Specifically, Compass Group relies on a "Mutual Arbitration Agreement" executed by Mr. Ramos when he was hired.[15] This agreement states:

> I and Compass Group USA, Inc. and its subsidiaries, sectors, affiliates, and divisions (collectively, "Compass Entities") mutually agree to utilize binding individual arbitration as the sole exclusive means to resolve all legal claims between us, including without limitation those that may arise out of or be related to my employment, compensation, or termination of employment. I and the Compass Entities waive our rights to bring a claim against the other in a court of law and in doing so, specifically waive our rights to a jury. Except as provided below, any claim, dispute, and/or controversy that I may have against the Compass Entities (or their directors, officers, employees, or agents), or that the Compass Entities may have against me, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ("FAA"), except that if for any reason arbitration is unavailable under the FAA, then the law of the state in which I last worked for any of the Compass Parties shall govern this Agreement. The FAA applies to this Agreement because my employer's business involves interstate commerce.[16]

---

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[14] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[15] (Mot. 2, Doc. No. 4; Decl. of Sandy Bailey ¶ 17, Doc. No. 5-1.)

[16] (Ex. 1-A to Mot., Mut. Arb. Agreement, Doc. No. 4-2.)

The agreement is electronically signed by Mr. Ramos and dated July 16, 2022.[17]

Compass Group argues the Federal Arbitration Act[18] mandates that arbitration agreements in contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[19]  Compass Group contends that Mr. Ramos agreed to arbitrate his claims against Compass Group by signing the "Mutual Arbitration Agreement" and failing to opt out of the agreement within the thirty-day opt-out period.[20]

Compass Group's motion to compel arbitration is granted.  First, the arbitration agreement appears enforceable on its face; Mr. Ramos has not argued otherwise or identified any reason it should not be enforced.  Next, the dispute at issue in this case falls within the scope of the arbitration agreement.  The arbitration agreement applies to "all legal claims between [the parties to it], including without limitation those that may arise out of or be related to [Mr. Ramos's] employment, compensation, or termination of employment"[21]  Mr. Ramos asserts claims against Compass Group for discrimination, harassment, retaliation during his employment, and constructive discharge.[22]

---

[17] (*Id.*)

[18] 9 U.S.C. §§ 1–402.

[19] 9 U.S.C. § 2.

[20] (Mot. 2, Doc. No. 4.)

[21] (Ex. 1-A to Mot., Mut. Arb. Agreement, Doc. No. 4-2.)

[22] (*See* Compl., Doc. No. 1-1 at 7–10.)

Accordingly, Mr. Ramos's claims falls squarely within the scope of the agreement—meaning "the inquiry is over"[23] and Mr. Ramos is bound by the arbitration agreement.

## CONCLUSION

Because Mr. Ramos's claims against Compass Group are subject to a binding arbitration agreement and fall within the scope of that agreement, Compass Group's motion to compel arbitration[24] is granted. This case is stayed pending the outcome of the arbitration. The parties are ordered to file status reports every 120 days updating the court as to whether the arbitration proceedings are complete, with the first report due on February 18, 2025.

DATED this 21st day of October, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[23] *Spirit Aerosystems, Inc.*, 681 F. App'x at 721.

[24] (Doc. No. 4.)

5